IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

EARNEST L. GRAY                                                                                    PLAINTIFF

v.                                            Case No. 1:06-cv-1040

MICHAEL J. ASTRUE,[1] Commissioner                                                 DEFENDANT
Social Security Administration

## MEMORANDUM OPINION

Plaintiff Earnest Gray brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of the Social Security Administration (Commissioner) denying his claims for period of disability and disability insurance benefits (DIB) and supplemental security income (SSI) benefits under the provisions of Titles II and XVI of the Social Security Act (Act).

**Procedural Background:**

Plaintiff protectively filed applications for disability insurance benefits and supplemental security income on July 29, 2002, with an alleged onset of December 1, 2001. (T 49, 200), due to blindness in right eye, Type II non-insulin diabetes mellitus, glaucoma in both eyes, back pain, left arm injury with numbness, shortness of breath, muscle spasms in both legs and hearing problems. An administrative hearing was held on February 23, 2005. (T. 212-233). Plaintiff was present and represented by counsel.

By written decision dated March 2, 2006, the ALJ found Plaintiff was not under a disability

---

[1] Michael J. Astrue became the Social Security Commissioner on February 12, 2007. Pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure, Michael J. Astrue has been substituted for acting Commissioner Jo Anne B. Barnhart as the defendant in this suit.

defined by the Act. (T. 11-17). Plaintiff appealed the decision of the ALJ to the Appeals Council. Plaintiff's request for review of the hearing decision by the Appeals Council was denied on April 11, 2006. (T. 5-7). When the Appeals Council declined review, the ALJ's decision became the final action of the Commissioner. Plaintiff now seeks judicial review of that decision. (Doc. #1). This case is before the undersigned by consent of the parties. Both parties filed appeal briefs and this case is now ready for decision. (Doc. # 9-10).

**Applicable Law:**

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *See* 42 U.S.C. § 405(g) (2007); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently. *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001). If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well-established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and prevents him or her from engaging in any substantial gainful activity. *See Cox v. Apfel*, 160

F.3d 1203, 1206 (8th Cir. 1998); *See* 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A Plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months. *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation. He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the residual functional capacity to perform his or her relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform. *See Cox,* 160 F.3d at 1206; 20 C.F.R. §§ 404.1520(a)-(f) (2003). The fact finder only considers the Plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached. *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

**Discussion:**

The Plaintiff contends the ALJ posed a deficient hypothetical question to the Vocational Expert ("the VE"). Specifically, Plaintiff contends the ALJ erred in finding the pain to be "mild to

moderate" and did not have the benefit of Dr Sharma's finding of early peripheral neuropathy in the lower extremities and possible left carpel tunnel syndrome with a positive Phalen's sign.

In response to a hypothetical question from the ALJ, The VE testified the Plaintiff was capable of performing his past work. Further, the VE testified there were jobs existing in significant numbers in the national economy which could be performed by an individual of Plaintiff's age, education and work experience, who had Plaintiff's limitations with vision, diabetes, medical history, medications, and physical limitations. (T. 246).

The specific jobs identified by the VE were motel cleaner, which the VE testified existed in numbers of 125,000 to 130,000 in the region and 375,000 nationwide, and hand packaging, which the VE testified existed in numbers of 40,000 to 43,000 in the region and 400,000 to 420,000 nationwide. (T. 247). Based on the VE's testimony, the ALJ found Plaintiff was capable of performing jobs existing in significant numbers in the national economy. (T. 17).

A proper hypothetical question must set out all the claimant's impairments. To fail to do so makes the hypothetical fatally deficient. *See Gilliam v. Califano*, 620 F.2d. 691, 693 (8th Cir. 1980), *Stephens v. Secretary of Health and Human Services*, 603 F.2d 36, 41-42 (8th Cir. 1979). At the hearing on February 23, 2005, the ALJ requested an orthopedic evaluation. (T. 218). The Plaintiff was sent to Dr. Sharma for the evaluation. Dr. Sharma did not see the Plaintiff until September 15, 2005. (T. 183). Because there was no followup hypothetical question or interrogatory to the VE, the hypothetical question posed did not include Dr Sharma's finding of early peripheral neuropathy in the lower extremities and possible left carpel tunnel syndrome with a positive Phalen's sign. I find the hypothetical, as posed, fatally deficient. Further support of this finding can be found by the fact

that Plaintiff testified at the hearing that he had numbness in his hands. (T. 185). The case should be remanded to allow the ALJ the pose a sufficient hypothetical question which includes the additional impairment findings of Dr. Sharma.

Plaintiff also argues the ALJ failed to develop the record. Plaintiff points to the fact that the ALJ desired the Plaintiff to undergo an orthopedic evaluation. (T. 245). Rather than an evaluation by an orthopedic specialist, the Plaintiff was evaluated by a Physical Medicine and Rehabilitation Specialist. (T. 183).[2] It is not possible determine from the record if in fact the Plaintiff received an orthopedic evaluation. Therefore, on remand, the ALJ is directed to obtain an orthopedic evaluation of the Plaintiff or set forth findings supporting the evaluation of Dr. Sharma as an orthopedic evaluation.

**Conclusion:**

Accordingly, I conclude the decision of the Commissioner denying benefits to the Plaintiff is not supported by substantial evidence and should be reversed. In light of the decision to remand this matter, all other issues raised by Plaintiff are rendered moot. This matter should be remanded to the Commissioner for proceedings consistent with this opinion.

ENTERED this **6th** day of April, 2007.

/s/   Barry A. Bryant
HON. BARRY A. BRYANT
U. S. MAGISTRATE JUDGE

---

[2] The Court notes that the record does not demonstrate whether Dr. Sharma is an Orthopedist or not, nor is there anything in the record indicating that the exam performed by Dr. Sharma was or was not an orthopedic exam.